IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRAVIS CAIN LEWIS                                                                                     PLAINTIFF

v.                                    Civil No.      4:23-cv-04095-SOH-BAB

GINA BUTLER, Jail Administrator; and
SHERIFF BOBBY WALRAVEN                                                                  DEFENDANTS

**REPORT AND RECOMMENDATION**

Plaintiff, Travis Cain Lewis, currently an inmate of the Little River County Detention Center ("LRCDC"), filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I. BACKGROUND**

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on October 10, 2023. (ECF Nos. 1, 2). The Court granted Plaintiff's IFP Motion on the same date. (ECF No. 3).

In his Complaint, Plaintiff alleges two claims. First, Plaintiff alleges Sheriff Bobby

1

Walraven used "obscene and offensive language" towards Plaintiff after Plaintiff escaped the jail on August 15, 2023.  Plaintiff also alleges, after he was apprehended and returned to the LRCDC, Defendant Walraven continued to use "obscene, disrespectful, aggressive, foul, [and] threatening language towards [Plaintiff]."  (ECF No. 1, pp. 4-5).

In Claim Two, Plaintiff alleges Gina Butler, the jail administrator at the LRCDC, placed him in a lockdown cell after he was apprehended and returned to the LRCDC.  Plaintiff alleges he was left in the lockdown cell with "no disciplinary, no hearing, [and] no time to be heard . . ." from August 15, 2023 through September 11, 2023.  *Id.* at 4-5.

Plaintiff claims Defendants Walraven and Butler, in both their individual and official capacities, violated his due process rights and subjected him to cruel and unusual punishment.  *Id.* at 4.  For the official capacity claim, Plaintiff claims it was a "widespread practice to punish the behavior without due process and it is custom for the officials to plea bargain us out of the punishment."  *Id.* at 5.

## II.  APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).  A claim fails to state a claim upon which

relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

The facts set forth in Plaintiff's Complaint against Defendant Walraven, do not support a plausible cause of action for relief under 42 U.S.C. § 1983. However, Plaintiff's claim against Defendant Butler is sufficiently stated to survive. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001) (explaining a plaintiff's claim should be dismissed for failure to state a claim if it appears beyond a doubt the complaint can prove no set of facts to support his purported cause of action.)

It is well established that "[v]erbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under Section 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail official did not rise to the level of a constitutional violation). The only factual allegations Plaintiff asserted against Defendant Walraven related to the alleged verbal berating. Accordingly, Plaintiff has failed to state a cognizable claim against Defendant Walraven.

Additionally, without a cognizable constitutional violation alleged, there can be no official capacity claim against Defendant Walraven. *See Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020) *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

Regarding Plaintiff's claims against Defendant Butler, the Court has reviewed the facts alleged by Plaintiff and finds he states a claim, at this juncture, for violation of his due process rights. Further, the facts alleged also state a claim for cruel and unusual punishment under the Constitution. These claims should survive for service of process and an Answer from Defendant Butler.

## IV. CONCLUSION

For these reasons, it is recommended that:

(1) Plaintiff's claims against Defendant Walraven be dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1);

(2) Defendant Walraven be dismissed without prejudice from this matter; and

(3) Plaintiff's claims against Defendant Butler in her individual and official capacity for cruel and unusual punishment and violation of Plaintiff's due process rights should proceed. A separate Order for service of process will issue.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of November 2023.

/s/ Barry A. Bryant
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE