IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRAVIS CAIN LEWIS                                                                                    PLAINTIFF

v.                          Civil No. 4:23-cv-04095-SOH-BAB

JAIL ADMINISTRATOR GINA BUTLER                                            DEFENDANTS

**<u>ORDER</u>**

Plaintiff, Travis Cain Lewis, originally filed this 42 U.S.C. § 1983 action *pro se* on October 10, 2023. (ECF No. 1). Plaintiff was granted Leave to Proceed *in forma pauperis* on the same day. (ECF No. 3). The Court issued a screening Report and Recommendation, on November 9, 2023, recommending Defendant Sheriff Bobby Walraven be dismissed from this action pursuant to 28 U.S.C. § 1915A(b)(1). (ECF No. 6). On February 12, 2024, the Honorable Susan O. Hickey adopted that Report and Recommendation dismissing Defendant Walraven. (ECF No. 16). Currently before the Court is Plaintiff's: (1) Motion to Supplement (ECF No. 10); (2) Motion to Amend (ECF No. 11); and (3) Second Motion to Supplement (ECF No. 15). Defendant Butler did not respond. The Court finds Plaintiff's Motions ripe for consideration.

In his Complaint, Plaintiff alleges Defendant Butler, the jail administrator at the Little River County Detention Center (hereinafter "LRCDC"), placed him in a lockdown cell after he was apprehended and returned to the LRCDC from his escape. Plaintiff alleges he was left in the lockdown cell with "no disciplinary, no hearing, [and] no time to be heard . . ." from August 15, 2023 through September 11, 2023. *Id.* at 4-5.

1

Plaintiff claims Defendant Butler, in both her individual and official capacities, violated his due process rights and subjected him to cruel and unusual punishment. *Id.* at 4. For the official capacity claim, Plaintiff claims it was a "widespread practice to punish the behavior without due process and it is custom for the officials to plea bargain us out of the punishment." *Id.* at 5.

As mentioned above, Plaintiff's claims against Defendant Bobby Walraven have been dismissed at screening for failure to state a claim. (ECF No. 16).

In Plaintiff's first Motion to Supplement, he seeks to supplement his claims against Defendant Butler by submitting grievance documents. Exhibits are not appropriately attached to Complaints. Exhibits may only be submitted with certain types of Motions, at hearings and trials, or as directed by the Court. Accordingly, Plaintiff's first Motion to Supplement (ECF No. 10) is hereby **DENIED**.

In his Motion to Amend, Plaintiff seeks to add claims against Sheriff Bobby Walraven. As Sheriff Bobby Walraven has previously been dismissed from this case, Plaintiff's Motion to Amend (ECF No. 11) is hereby **DENIED**. Plaintiff may file a new Section 1983 Complaint against Sheriff Bobby Walraven with his additional claims if he so wishes.

In his second Motion to Supplement, Plaintiff seeks to add an additional claim against Defendant Butler that occurred on January 3, 2024—more than three months after the incidents complained of in his Complaint. Plaintiff may not continue to add new claims as they occur to his pending Complaint. If Plaintiff wishes to allege new claims that occurred after he filed the instant lawsuit, he must file a new Complaint against Defendant Butler. Accordingly, Plaintiff's second Motion to Supplement (ECF No. 15) is hereby **DENIED**.

The Clerk is **DIRECTED** to send Plaintiff a copy of the Court's Section 1983 Prisoner Litigation Guide. Plaintiff is referenced to Section VII on Exhibits and when they are appropriately submitted to the Court. Furthermore, the Clerk is directed to send Plaintiff a blank Section 1983 Complaint form.

**IT IS SO ORDERED** this 4th day of March 2024.

*s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE